Lundberg Stratton, J.,
dissenting. I respectfully dissent. I consider the sales of the TENS and. NMES units exempt from taxation because they are either “devices to aid human perambulation” or “items of tangible personal property used to supplement impaired functions of the human body.” R.C. 5739.02(B)(19).
I do not agree with the BTA’s conclusion in Kempf II (Kempf Surgical Appliances, Inc. v. Tracy [July 18, 1997], BTA No. 93-D-486, unreported, at 6) that these units “may be subject to a reasonable and primary use by the consumer for a form of exercise of muscles and joints.” Nor do I agree with the BTA in Maxxim that the devices are “akin to physical fitness equipment” used to strengthen various parts of the human body, including “the strengthening of dysfunctional parts.” Maxxim Med., Inc. v. Tracy (Sept. 25, 1998), BTA No. 94-X-224, unreported, at 9. The evidence shows that a TENS unit is a device attached to the skin. It emanates electrical impulses in an effort to reduce or control pain. The NMES unit also attaches to the skin and sends electrical impulses to large muscles to cause them to involuntarily contract or flex. There was testimony that the NMES unit may be used to prevent atrophy in muscles. The BTA had no evidence before it that either the TENS or NMES unit was intended for use in developing muscles, physical training, or that their use required any physical exertion. The fact that the muscle may involuntarily move when the unit is on does not indicate that the user is exercising or strengthening a joint or muscle. Certainly the use of the equipment to prevent atrophy of muscles signifies that the user is not strengthening a muscle but rather preventing further deterioration of the muscle. The fact that the TENS and NMES units may be used in a stationary position belies that conclusion that they are akin to physical fitness equipment.
It is apparent that the General Assembly intended to exclude from the exemption equipment such as exercise bikes, weights, treadmills, and other equipment used for strengthening, conditioning, and developing the human body. A TENS or NMES unit does not convey an image of physical fitness or exercise. *343 I find it impossible to equate these units with physical fitness equipment that is not subject to the exemption in R.C. 5739.02(B)(19).
In the BTA’s original decision in Maxxim, the BTA considered whether these units should be exempt from taxation as a device similar to a brace that supports nonfunctioning parts of the human body. The BTA distinguished the TENS and NMES units from a brace or other device that physically supports a part of the body. The BTA specifically stated that a TENS or NMES unit “acts on parts of the body: it is not designed to strengthen and support it.” (Emphasis added in part.) Maxxim Med., Inc. v. Tracy (Nov. 3, 1995), BTA No. 94-X-224, unreported, at 7. Although the issue involved an actual physical support of the body, the BTA'clearly found that the TENS and NMES units were not intended to strengthen and support the body. Yet the BTA reached the opposite conclusion upon remand and expressly found that the equipment was used to strengthen parts of the body. I cannot affirm the BTA’s most recent position when it is contrary to an earlier finding.
I would consider that, in addition to a device to aid human perambulation, the TENS and NMES units may be “items of tangible personal property used to supplement impaired functions of the human body.” R.C. 5739.02(B)(19). Mobility is a function of the human body. When mobility is impaired, a physician may prescribe a TENS or NMES unit in an effort to decrease pain and ultimately improve the patient’s flexibility and mobility. Thus, the TENS or NMES unit may be used to supplement the impaired function of mobility. I do not see the examples of respiration, hearing, and elimination as being inclusive, but merely illustrative. The statute does not confine the application of the exemption to those bodily functions enumerated.
Because I do not agree that the TENS and NMES units are akin to physical fitness equipment, it is my position that the decision of the BTA was unreasonable and unlawful. The sales of the TENS and NMES units should be exempt from taxation. I respectfully dissent.
Pfeifer, J., concurs in the foregoing dissenting opinion.